IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BIANICA GODWIN and TIARA TUCKER,
Each Individually and on Behalf of
All Others Similarly Situated                                               PLAINTIFFS

v.                          Case No. 1:19-cv-1055

K-MAC ENTERPRISES, INC.                                                      DEFENDANT

## ORDER

Before the Court is the parties' Joint Stipulation Regarding Conditional Certification and Notice to Class Members. (ECF No. 9). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiffs filed their Complaint on November 15, 2019. Plaintiffs bring this action individually and on behalf of all others similarly situated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq*. Plaintiffs state that Defendant owns and operates several fast food restaurants and that they were employed at Defendant's Crossett location prior to filing this action. Plaintiffs allege that they sometimes worked in excess of forty hours per week but that they were not paid time-and-a-half compensation for their overtime hours. Plaintiffs assert that the failure to pay overtime in weeks where employees worked in excess of forty hours violated the FLSA and AMWA.

On February 28, 2020, the parties filed their Joint Stipulation Regarding Conditional Certification and Notice to Class Members. (ECF No. 9). The parties have stipulated to conditionally certifying the following class: "All hourly workers at the Taco Bell Crossett location since August 7, 2019." The parties have also stipulated to various means of distributing notice to

putative collective action members. The parties seek Court approval of the proposed conditional class and the proposed notice distribution plan.

## DISCUSSION

The FLSA allows for "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime provisions. 29 U.S.C. § 216(b). This Court, as well as other district courts in the Eighth Circuit, and numerous Courts of Appeal, follows the two-tiered approach to FLSA collective action certification as established by *Mooney v. Aramco Serv.*, 54 F.3d 1207 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). *See, e.g.*, *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937 (W.D. Ark. 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005). Under this approach, collective action certification is divided into two stages: (1) the notice stage and (2) the opt-in or merits stage. *Mooney*, 54 F.3d at 1213-14.

During the notice stage, the court "makes a decision—usually based only on the pleadings and affidavits which have been submitted—whether notice should be given to potential class members." *Id.* at 1213. If the court allows for notification, the court typically creates a conditional certification of a representative class and allows notice to be sent to the potential opt-in plaintiffs. *Id.* at 1214. At the second stage of the two-stage process, the court determines whether the class should be maintained through trial. *Resendiz-Ramirez*, 515 F. Supp. 2d at 940. Typically, the second stage is precipitated by a motion to decertify by the defendant, which is usually filed when discovery is largely complete. *Id.* If the court decides to decertify the class, the opt-in class

members are dismissed from the suit without prejudice and the case proceeds only for the class representatives in their individual capacities. *Id.*

At this initial stage, the court must first consider whether a plaintiff has sufficiently demonstrated that he is "similarly situated" to the potential members of the collective action. During this first stage of certification, the court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *See Thiessen*, 267 F.3d at 1106-07. Further, at this stage, the court does not make credibility determinations or resolve contradictory evidence presented by the parties. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996). Instead, the court determines whether, under the lenient standard of the notice stage, the named plaintiffs, through pleadings and affidavits, have demonstrated that they are "similarly situated" to the potential collective action members. *See* 29 U.S.C. § 216(b); *Thiessen*, 267 F.3d at 1106-07.

This case is at the initial conditional certification stage, and the parties have stipulated to a conditionally certified class comprised of: "All hourly workers at the Taco Bell Crossett location since August 7, 2019." In light of the parties' agreement on conditional certification, the Court approves the proposed class description and finds that Plaintiffs are similarly situated to other potential collective action plaintiffs for the purposes of conditional certification.

The parties have also stipulated to a sixty (60) day notice period with distribution of notice via U.S. Mail and email, with a follow-up postcard to be sent by mail and email thirty (30) days after the initial mailing. Defendants stipulate that they can produce the putative collective action members contact information by March 13, 2020. The Court finds that this will allow potential collective action members sufficient time to receive notice and file consents to join this lawsuit if they wish. Therefore, the Court approves the stipulated notice plan.

## CONCLUSION

For the foregoing reasons the Court finds that the parties' Joint Stipulation Regarding Conditional Certification and Notice to Class Members (ECF No. 9), to the extent it is a motion seeking relief, should be and hereby is **GRANTED**. The Court orders as follows:

(1) A class as defined in this Order is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b);

(2) The Court approves the proposed notice documents;

(3) The Court approves of distribution of notice via U.S. Mail and email, with a follow-up postcard to be sent by mail and email thirty (30) days after the initial mailing

(4) Defendant is hereby directed to produce the information as outlined above by March 13, 2020, with the understanding that Plaintiffs are to appropriately safeguard the information;

(5) Plaintiffs shall have sixty (60) days, starting seven (7) days from the date Defendant delivers the ordered contact information, in which to distribute the notice and consent documents and to file signed consent forms of opt-in plaintiffs with the Court.

**IT IS SO ORDERED**, this 4th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge