IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BIANICA GODWIN, *et al.*                                                      PLAINTIFFS

v.                                    Case No. 1:19-cv-1055

K-MAC ENTERPRISES, INC.                                             DEFENDANT

**ORDER**

Before the Court is the parties' Joint Stipulation of Dismissal. ECF No. 34. The parties indicate that they have reached a settlement agreement in this matter and ask the Court to dismiss this case with prejudice.

On November 11, 2019, Plaintiffs filed their Complaint against Defendant. ECF No. 3. Plaintiffs brought claims against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code § 11-3-201, *et seq*. ("AMWA"). *Id*. Plaintiffs' Complaint indicated that they wanted to pursue their FLSA claims through a collective action, and the Court subsequently certified the collective. ECF No. 10. On January 11, 2021, the Plaintiffs filed an Amended Complaint that removed all collective action claims and added new Plaintiffs. ECF No. 33, p. 1-2. That same day, the parties filed the instant motion requesting that the claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 34.

The instant stipulation asks that the Court dismiss the action with prejudice. Thus, the Court will take up the instant stipulation and consider the relief requested therein—that the Court dismiss this case with prejudice and do so without conducting a reasonableness review of any settlement agreement reached by the parties. Several courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating

around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-CV-00244, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts, including this Court, have held that court approval of an FLSA settlement is unnecessary when the lawsuit is not a collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. *See, e.g.*, *Zeznanski v. First Step, Inc.*, No. 6:17-cv-6023-SOH (W.D. Ark. Oct. 5, 2017), ECF No. 25; *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

After Plaintiffs' First Amended Complaint, this matter is no longer a Collective Action. ECF No. 33. Plaintiffs have been represented by counsel throughout the course of this litigation and the parties seem to want their settlement to remain confidential. Thus, it appears to the Court that the settlement agreement in this case is of the type that does not require court approval. *See Schneider*, 2015 WL 500835, at *3. The parties have not submitted their settlement agreement in this case and, thus, the Court has not reviewed the parties' settlement agreement in this matter.

The Court now turns to the parties' request that this case be dismissed with prejudice. An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Caselaw concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). Thus, Plaintiffs' claims against Defendant were effectively dismissed when the parties filed the instant stipulation. However, this order issues for the purpose of maintaining the Court's docket.

Upon consideration, the Court finds that good cause has been shown for the dismissal of the case. This case is hereby **DISMISSED WITH PREJUDICE**. If any party desires that the terms of any settlement be a part of the record therein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this judgment. The Court retains jurisdiction to vacate this order upon cause shown that any settlement between the parties has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 2nd day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge